IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **MADISEN ULRICH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-1018-RAH-SRW |
| | ) | |
| **319 BRAGG STUDENT HOUSING** | ) | |
| **AUBURN, AL, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the court on defendant's motion for entry of a HIPAA protective order (Doc. 49). For good cause, it is

ORDERED that the motion (Doc. 49) is GRANTED as follows:

Upon compliance with the Federal Rules of Civil Procedure, the attorneys for the parties and any *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee.  This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Federal Rules, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Court Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or**

**trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information that is included in the insurance claim files and law firm litigation files may

be retained to allow compliance to the extent and for the period that such retention is required by state insurance laws and the state bar rules and regulations.

DONE on this the 9th day of February, 2021.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge